**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2208
_____

ARNOLD D. SCHRAGER,
a/k/a Arnold Schrager

v.

JENNIFER ALDANA


Arnold D. Schrager,
                                   Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 3-12-cv-04758)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 22, 2013
Before:  JORDAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: September 19, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Arnold Schrager alleges that Appellee Jennifer Aldana conspired with

Karen Lipton and Russell Rosenblatt to defraud the estate of Roslyn Schrager, the mother

of Appellant and Lipton, for over $1 million. The United States District Court for the District of New Jersey granted Appellee's motion to dismiss. The main issue on appeal is whether Schrager, as a beneficiary of the Estate, has standing to sue under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. We will affirm.

## I.

Schrager is one of the beneficiaries of the estate (hereinafter Estate) of Roslyn Schrager, his mother, who died in August 2007. From October 2007 to November 2007, Karen Lipton (hereinafter Lipton), mother of Appellee and sister of Schrager, converted $1,130,516 from the Estate into cash and, together with Russell Rosenblatt, laundered the money through various bank accounts and real estate investments, including a home in Nevada. Lipton and Rosenblatt also gave large sums of money to Appellee, who was attempting to get financing for a new home in New Jersey. Some time thereafter the Clark County Public Administrator, located in Nevada, assumed administration over the Estate. Two legal actions were taken against Lipton and Rosenblatt which resulted in judgments against them; the Clark County Court of Nevada entered a civil judgment for Schrager and his co-beneficiary to the amount of $259,647,[1] and the Clark County

---

[1] Schrager v. Lipton, Clark County Civil Court, Case #07A551013

Probate Court found for the Estate in the amount of $3,427,692.[2] Lipton and Rosenblatt allegedly fled the country and are not included as defendants here.

Schrager, a resident of California, filed the instant action in the United States District Court for the District of Nevada, alleging private causes of action for money laundering, bank fraud, mail fraud and wire fraud, as well as a civil RICO claim based on the foregoing predicate acts against Appellee, a resident of New Jersey. Schrager also filed a RICO case statement alleging the additional predicate acts of embezzlement and bankruptcy fraud. Appellee filed a motion to dismiss for lack of personal jurisdiction because Schrager was not a proper party in interest, or, alternatively for a change of venue, which the Court granted on jurisdictional grounds on July 26, 2012. The case was transferred to the District of New Jersey.

Appellee filed a motion to dismiss for failure to state a claim and/or lack of subject matter jurisdiction, which the District Court granted on March 29, 2013. The District Court held there is no private right of action with regards to money laundering, bank, mail or wire fraud and that Schrager lacked standing in regard to the civil RICO claim. The District Court addressed the three factors for determining proximate cause announced by the United States Supreme Court in Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 269-70 (1992), and concluded that Schrager lacked standing because the

_____

[2] In the Matter of Roslyn Schrager, Clark County Family Court, Case #07P061169

Estate was the immediate victim better suited to sue for the alleged injury. Schrager filed a timely notice of appeal.[3]

## II.

Schrager does not challenge the District Court's conclusion that there is no private cause of action for money laundering, bank, mail or wire fraud. He does, however, challenge the District Court's conclusion that he lacks standing for civil RICO purposes. We agree with the District Court. Applying the multi-factor analysis announced in Holmes v. Security Investor Protection Corp., 503 U.S. 258 (1992), we conclude that Schrager has not suffered a direct injury proximately caused by Appellee and therefore lacks the standing necessary to litigate a civil RICO claim.

The RICO Act prohibits certain conduct involving a pattern of racketeering activities and allows for a private right of action. 18 U.S.C. §§ 1962, 1964(c). In order to have standing to litigate a civil RICO claim under § 1964(c), a plaintiff must make a

---

[3] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order dismissing the complaint is de novo. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008); Gould Electronics, Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must present facts that, if true, show a facially plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fleisher v. Standard Ins. Co., 679 F.3d 116 (3d Cir. 2012). We "consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complaints claims are based on these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). "A claim may be dismissed under Rule 12(b)(1) only if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Gould, 220 F.3d at 178 (internal quotations omitted).

threshold showing that he suffered an injury to business or property and that the injury was proximately caused by the defendant's racketeering activities. See Holmes v. Security Investor Protection Corp., 503 U.S. 258 (1992); Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000); Callahan v. A.E.V., Inc., 182 F.3d 237, 260 (3d Cir. 1999). Here, plaintiff has alleged a financial loss due to the diminution of the estate of which he is a beneficiary. This loss can serve as the basis for standing so long as the additional criterion of proximate causation is met.

"A causal connection *simpliciter* between the defendants' actions and the plaintiffs' injuries is insufficient to give rise to a RICO claim; the plaintiff must show that that connection is proximate, i.e., not too remote." Callahan, 182 F.3d at 260. To make a determination about proximate causation, the Court considers three factors: (1) the directness of the injury; (2) the ease of apportioning damages among other plaintiffs affected by the alleged violation; and (3) the possibility that others, more directly injured, could vindicate the claim. Id., at 263-265 (citing the test set forth in Holmes, 503 U.S. 258 (1992)).

Applying the multi-factor analysis test of Holmes to the present case, we conclude that Schrager, as a beneficiary of the Estate, cannot maintain his claim based on § 1962. Schrager argues that Appellee conspired with her mother Lipton and family-friend Rosenblatt to defraud the Estate of Rosyln Schrager, through a pattern of racketeering activity, of over $1 million and thereby caused Schrager, a beneficiary of the Estate, to suffer a direct monetary injury. The direct victim of Appellee's conduct was the Estate,

not Schrager.  It was the Estate that lost value due to the fraudulent activities of Appellee and her co-conspirators and therefore the Estate is in a better position to bring a civil RICO claim.[4]  See Firestone v. Gailbreath, 976 F.2d 279, 285 (6th Cir. 1992) (holding that grandchildren, as beneficiaries of decedent's estate, lacked standing to bring a RICO claim because the estate suffered the direct harm).  Consequently, Schrager lacks standing to bring an individual RICO claim.[5]

## III.

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[4] In fact, Schrager's complaint alleges that the Clark County Public Administrator, who is in the process of settling the Estate, has already taken action to recover the defrauded funds from Lipton, Rosenblatt and Appellee. See Compl., #22, 02/02/2012 ("Clark County Probate Court finds for the Estate and against Lipton, Russell Rosenblatt…and R& B Tutoring (a shell company owned by Rosenblatt) in the amount of $3,427,692); Id., at 31 (Shawn L. Morris, Esq., attorney for the Clark County Public Administrator requested the return of the $140,000 Defendant received from Lipton and Rosenblatt).

[5] Because we find Schrager lacks standing to bring a civil RICO claim, we decline to address the other issues raised on appeal, neither of which relate to standing.  Our decision today does not reflect a lack of appreciation for Mr. Schrager's efforts to right the wrongs done to his mother's estate, nor do we take lightly the frustration he has faced in pursuing relief.  He does not, however, have standing to pursue a RICO claim, and that is dispositive in this matter